FILED

2015 Dec-23  PM 04:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| PHILLIP EGGELSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 6:10-cv-02290-JEO |
| | ) | |
| MARSHALL DURBIN FOOD | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Phillip Eggelston ("Eggelston") originally filed this action in

August 2010, asserting claims under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e *et seq.*; and 42 U.S.C. § 1981 ("Section 1981") against his former

employer, Defendant Marshall Durbin Food Corporation ("Marshall Durbin").

(Doc.[1] 1).  After granting a motion to compel arbitration by Marshall Durbin, the

court dismissed the action on June 21, 2012.  (Doc. 14).  The cause now comes to

be heard on Marshall Durbin's "Motion to Vacate Arbitrator's Award or in the

Alternative, Motion to Reinstate [this civil action] and Vacate" (Doc. 21), as well

---

[1]References to "Doc(s). ___" are to the documents in the case file as compiled and
numbered on the docket sheet by the Clerk of the Court.  Page citations are to the page of the
electronically filed document on the court's CM/ECF system, which may not correspond to the
pagination on the original "hard copy" presented for filing.

as cross-motions by Eggelston to confirm the arbitrator's award.  (Docs. 26, 31).

The parties have previously consented to an exercise of jurisdiction by a

magistrate judge in this action pursuant to 28 U.S.C. § 636(c).  (Doc. 18).

However, that consent was expressly limited to the disposition of a prior motion

by Marshall Durbin that sought to reinstate this action and to confirm an earlier

order of the arbitrator to dismiss certain claims.  (*See* Docs. 15, 18).  The

undersigned therefore concludes that there is no magistrate judge jurisdiction to

resolve the parties present motions, so they will be handled via this report and

recommendation under 28 U.S.C. § 636(b)(1).  Upon consideration, it will be

recommended as follows: (1) the prior dismissal deprives this court of jurisdiction

within the confines of this civil action to rule on the parties' respective motions

related to the confirmation or vacatur of the arbitration award; (2) Marshall Durbin

has not carried its burden to justify the reinstatement of this action, so its

alternative motion seeking that relief is due to be denied; and (3) Marshall

Durbin's motion to vacate the award is due to be treated as an initial pleading in a

separate action and that Eggelston's cross-motions to confirm the award are due to

be treated as filings in that same action.

## I.

Eggelston filed this action on August 23, 2010, bringing three claims

against Marshall Durbin alleging as follows: (1) that it terminated his employment because of race in violation of both Title VII and § 1981 (the "race discrimination claim"); (2) that it failed to pay him overtime compensation required under the FLSA (the "overtime claim"); and (3) that it discharged him in retaliation for complaints about not being paid overtime, also in violation of the FLSA (the "FLSA retaliation claim"). (Doc. 1). On October 6, 2010, Marshall Durbin moved to stay the proceedings and to compel arbitration pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4, respectively. (Doc. 7). On October 21, 2010, the undersigned granted that motion. (Doc. 9). Pursuant to the terms of their arbitration agreement (*see* Doc. 7-1), the parties proceeded to arbitration through the American Arbitration Association ("AAA").

By June 2012, it appeared that all of the claims and issues in this case were going to be heard in the pending arbitration proceeding. (*See* Docs. 11, 12). That led the undersigned to advise the parties that the court intended to dismiss the action without prejudice to the right of Eggelston to return to this court to seek reinstatement any claims not adjudicated in the arbitration. (Doc. 13). No party objected to that proposition, and, on June 21, 2012, the court, acting through Judge Proctor, entered one-page order of dismissal that stated as follows:

> The court having been advised that the above-styled cause will

3

proceed to arbitration (Docs. 12 & 13) it is **ADJUDGED** that this
action is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right
to petition to reinstate the action and pursue any claim embraced
herein that is not adjudicated in, or discharged by, the arbitration
proceedings.  Such reinstatement, if allowed, would cause the filing
date of any claim so reinstated to relate back to the original filing date
of this action.  Each party to bear their own costs.

(Doc. 14) (emphasis original).  No appeal followed.

Meanwhile, the parties proceeded in the arbitration before the assigned

AAA arbitrator, Allen S. Blair.  After Marshall Durbin moved in that proceeding

for summary judgment, Arbitrator Blair issued an order, on October 11, 2012,

ruling that Marshall Durbin was entitled to prevail as a matter of law on both

FLSA claims, *i.e.*, for overtime and for retaliatory discharge, but that a question of

fact remained on Eggelston's claim for racially discriminatory discharge.  (Doc.

15-1).  Therefore, Blair dismissed the overtime and FLSA retaliation claims (*id.* at

7, 8) and advised that the race discrimination claim alone would proceed to an

evidentiary hearing.  (*Id.* at 10).

On October 16, 2012, however, Eggelston filed a "Motion for Clarification"

in the arbitration proceeding, contending that Blair had overlooked certain

evidence in granting summary judgment to Marshall Durbin on the FLSA

retaliation claim.  A copy of that motion is not in the record, but Marshall Durbin

asserts, and Eggelston does not appear to contest, that Eggelston's contention was

4

to the effect that the arbitrator should reconsider his dismissal of the FLSA

retaliation claim based upon allegations in an affidavit by Eggelston that, prior to

his discharge, he had engaged in activity protected under the FLSA by

complaining to Marshall Durbin about its failure to pay overtime to employees

other than himself.  (*See* Doc. 21 at 8-9).

On October 24, 2012, the parties appeared at what was to have been the

final arbitration hearing.  Arbitrator Blair there heard oral arguments on

Eggleston's pending motion for "clarification" of the status of the FLSA

retaliatory discharge claim, but Blair again deferred a decision on that and

instructed the parties to proceed with their respective presentations on the claim

for racially discriminatory discharge.  Soon after the hearing began, however,

Blair suspended the proceeding on a motion by Marshall Durbin.  Then, on

November 2, 2012, the parties notified the AAA that they had agreed to mediate

the case with Arbitrator Blair acting as mediator.

While that mediation was pending, on November 28, 2012, Marshall Durbin

electronically filed, under the civil action number of this case, a "Motion for

Reinstatement of Action, Application/Motion to Confirm Arbitration Award and

to Enter Final Judgment, and Motion to Re-Dismiss the Remainder of the Action

Without Prejudice."  (Doc. 15).  In support, Marshall Durbin contended that once

5

Arbitrator Blair issued his summary judgment order dismissing Eggelston's FLSA claims for overtime and retaliatory discharge, Blair was powerless under AAA rules to reconsider that decision or otherwise reinstate those claims.   (*Id.* ¶¶ 5-6). As such, Marshall Durbin insisted, it was entitled to have this court enter a judgment confirming the arbitrator's dismissal of just those claims.  (*Id.*)  With respect to the issue of the court's jurisdiction, Marshall Durbin asserted simply that "Section 9 of the FAA authorizes this Court to issue an order confirming the Award and to enter judgment accordingly."  (*Id.* ¶ 9).  Eggelston opposed Marshall Durbin's motion, but neither side disputed that this court possessed jurisdiction to act on the motion.  (Docs. 17, 19).  As noted above, the parties then consented to an exercise of magistrate judge jurisdiction in this action only for purposes of the motion to reinstate and "re-dismiss" pursuant to 28 U.S.C. § 636(c).  (Doc. 18).

On February 11, 2013, the court entered an order denying Marshall Durbin's motion, concluding that the uncertainty regarding the status of the FLSA retaliation claim and the arbitrator's authority to revive it under AAA rules, along with the pendency of the race discrimination claim, counseled against confirmation of the arbitration summary judgment order at that time.  (Doc. 20). In so doing, however, the court did not address its jurisdiction to hear the motion other than to acknowledge generally that FAA §§ 9-12 provide for judicial review

6

to confirm, vacate, or modify an arbitration award and that a court with the power to say an action pending arbitration has the further power to confirm any ensuing arbitration award.  (*Id.* at 4).  Marshall Durbin did not appeal the denial of its motion.

Subsequently, the parties' mediation with Blair failed.  On April 8, 2013, Beverly Baker replaced Blair in his capacity as the AAA arbitrator in the case.  On May 1, 2013, Baker entered an order in the arbitration proceeding that reinstated Eggelston's FLSA retaliatory discharge claim, based on Baker's conclusion that she was not bound by Arbitrator Blair's prior summary judgment order dismissing that claim.  (Doc. 21-2 at 2-3).

On November 19, 2013, the parties proceeded to an arbitration hearing on both the race discrimination claim and the FLSA retaliatory discharge claim.  On April 23, 2014, Baker entered an opinion in which she ruled against Eggelston on his race discrimination claim but in his favor on his claim alleging that Marshall Durbin had violated the FLSA by terminating Eggelston's employment in retaliation for making protected complaints that he was entitled to overtime pay.  (Doc. 21-3 at 17-18).  On the latter claim, Baker awarded Eggelston damages in the amount of $75,000 "as an appropriate sum to effectuate the purposes of the FLSA retaliation provision."  (*Id.* at 19-20).  On August 14, 2014, Baker entered a

final award in which she found that Eggelston was also entitled to $123,685.00 in attorney fees and $4,634.10 in costs, making a total award for Eggelston in the amount of $203,329.10.  (Doc. 26-1).

Meanwhile, on July 22, 2014, Marshall Durbin had electronically filed its instant motion, again under the civil action number of this case, styled as a "Motion to Vacate Arbitrator's Award or in the Alternative, Motion to Reinstate CV10-2290 [civil action number of this case] and Vacate," pursuant to FAA § 10, 9 U.S.C. § 10.  (Doc. 21).  In support of its motion, Marshall Durbin makes two primary arguments.  First, Marshall Durbin argues that Arbitrator Baker exceeded her powers under AAA rules by redetermining the merits of Eggelston's FLSA retaliatory discharge claim after it had been dismissed pursuant to Arbitrator Blair's earlier summary judgment order.  (*Id.* at 12-14).  And second, Marshall Durbin contends that Arbitrator Baker exceeded her powers by awarding relief that Marshall Durbin maintains is unavailable under the FLSA.  (*Id.* at 14-23).  In response, Eggelston filed both an opposition to Marshall Durbin's motion (doc. 25) and original and renewed motions further asking the court affirmatively to confirm the arbitrator's award and enter a judgment in Eggelston's favor pursuant to FAA § 9, 9 U.S.C. § 9.  (Docs. 26, 31).

## II.

Neither party questions the court's jurisdiction to entertain their cross-motions with respect to the confirmation or vacatur of the arbitration award.  (*See* Doc. 21 at 1, Doc. 26 at 1).  However, jurisdiction cannot be conferred upon a federal court by agreement, nor can its lack be waived by the parties; rather, this court has an independent obligation to determine that jurisdiction exists.  *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001); *Wilson v. Minor*, 220 F.3d 1297, 1303 n. 11 (11th Cir. 2000); *Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1468-69 (11th Cir. 1997).

## A.

There is no doubt that this court possessed subject matter jurisdiction over this action upon its filing because Eggelston's claims arose under federal law, namely Title VII, § 1981, and the FLSA.  *See generally* 28 U.S.C. § 1331. Subsequently, the court granted Marshall Durbin's motion to stay and to compel arbitration. And so long as a case remains before the district court following an order compelling arbitration, the court has the power to confirm or vacate a subsequent award, based upon the original jurisdiction established at the outset of the action.  *See Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 202 (2000) ("[T]he court with the power to stay the action under [FAA] § 3 has the

further power to confirm any ensuing arbitration award."); *Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 275-76 (1932) ("[W]here the court has authority under [the FAA] ... to make an order for arbitration, the court also has authority to confirm the award or to set it aside for irregularity, fraud, *ultra vires*, or other defect."); *T & R Enterprises, Inc. v. Continental Grain Co.*, 613 F.2d 1272, 1278 (5th Cir. 1980)[2]; *Baltimore & Ohio Chicago Terminal R. Co. v. Wisconsin Cent. Ltd.*, 154 F.3d 404, 407-08 (7th Cir. 1998).  Thus, if a district court compels arbitration and stays the claims before it, the case remains open and the court retains jurisdiction to confirm or vacate an award.  *Southern Mills, Inc. v. Nunes*, 586 F. App'x 702, 705-06 (11th Cir. 2014) (citing *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1297 (11th Cir. 1998)); *Smart v. Sunshine Potato Flakes, LLC*, 307 F.3d 684, 685-86 (8th Cir. 2002); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 2014 WL 7178006, at *4 (M.D. Fla. Dec. 16, 2014).

However, while the court initially stayed this action, the court entered an order on June 21, 2012, that *dismissed* it.  When a district court enters an order dismissing an action, it "disassociates itself from a case."  *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995).  Unlike a stay, a dismissal terminates the

---

[2]The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

district court's jurisdiction over the merits of the case, *LaDuke v. Burlington N. R. Co.*, 879 F.2d 1556, 1562 (7th Cir. 1989), and "a federal judge's authority to issue orders depends (with [certain] exceptions) on the existence of a [pending] case." *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008) (parentheses original) (bracketed material added); *see also Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012); *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 935 (11th Cir. 1987); *United States v. Deaton*, 207 F.2d 726, 727 (5th Cir. 1953).  Thus, following a dismissal, a district court loses jurisdiction to act with respect to the claims and the parties except in relatively narrow circumstances that include vindicating the court's judgment or decree, *see Peacock v. Thomas*, 516 U.S. 349, 355-56 (1996); *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 381-82 (1994); resolving motions under the FEDERAL RULES to set aside or modify its judgment, *e.g.*, FED. R. CIV. P.  59(e) & 60(b); and determining certain matters collateral to the judgment, like awarding costs and attorney fees and imposing sanctions for misconduct during the litigation, *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990); *Thomas v. Early County, Ga.*, 360 F. App'x 71, 75 (11th Cir. 2010).  *See also Hendrickson v. United States*, 791 F.3d 354, 360 (2d Cir. 2015); *Heape v. Flanagan*, 2008 WL 2439736, at *2 (S.D. Ga. June 19, 2008).  As explained below, however, the

substantive action that the parties ask the court to take, namely, entry of a

judgment confirming or vacating the arbitration award, does not fall into any of

those camps.

Marshall Durbin seems first perhaps to imply that the court might entertain

its motion to vacate the award because the court's prior order dismissed this action

"without prejudice."  (*See* Doc. 21 at 1).  Specifically, the court dismissed the

action "without prejudice to Plaintiff's right to petition to reinstate the action and

pursue any claim embraced herein that is not adjudicated in, or discharged by, the

arbitration proceedings."  However, even with such terms, the court's order of

June 21, 2012, was a final and appealable dismissal of the action, not merely the

entry of a stay or its equivalent.  *See Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286,

1288 (11th Cir. 2005); *Peterson v. BMI Refractories*, 132 F.3d 1405, 1411 (11th

Cir. 1998); *see also Montero v. Carnival Corp.*, 523 F. App'x 623, 625 (11th Cir.

2013).  Moreover, a designation that an action has been dismissed "without

prejudice" generally means that the dismissed claims might be refiled in the same

court in a new, separate action, *see Semtek Int'l Inc. v. Lockheed Martin Corp.*,

531 U.S. 497, 505-06 (2001), not that the same action may itself be reopened or

reinstated at the will of the parties or the court as if the action had never been

dismissed.  *See State Treasurer of State of Mich. v. Barry*, 168 F.3d 8, 20-21 (11th

12

Cir. 1999) (Cox., J., specially concurring) ("[D]ismissal without prejudice is not ... a freebie from the litigants point of view.  When the litigant refiles the claims, he could face meritorious statute-of-limitations arguments. ... Refiling entails as well the expenses and hassles of an entirely new action"); *Pittman v. Alabama Dep't of Pub. Safety*, 2012 WL 4760864, at *2 & n. 2 (S.D. Ala. Oct. 4, 2012) (following dismissal of action without prejudice, amendment to the complaint required reopening of the judgment pursuant to FED. R. CIV. P.  59(e) or 60(b)); *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) (motion for leave to amend filed after dismissal of action without prejudice was subject to requirements of FED. R. CIV. P.  59(e), not merely the liberal standards of FED. R. CIV. P.  15(a) that govern amendments prior to entry of judgment); *also compare Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) (dismissal of an earlier suit without prejudice does not authorize a subsequent suit brought outside of the statute of limitations); *with Peterson*, 132 F.3d at 1414 (district court's "reinstatement" of a dismissed action caused claims raised therein to remain pending and timely under the statute of limitations despite the prior dismissal); *Pierson v. Rogow*, 589 F. App'x 499, 500 (11th Cir. 2014) (recognizing that, although plaintiff was not entitled to file an amended complaint in an action previously dismissed without prejudice, he was at liberty to file a new complaint to begin a separate case).

13

The parties also seem to assume that the court might exercise a species of ancillary jurisdiction to confirm or vacate the award.  In particular, Marshall Durbin asserts that jurisdiction over its motion to vacate "is established by the pleadings" in this dismissed action, in which Eggelston raised claims under federal law, on the theory that "the issues in this proceeding [to vacate] are like or related to, and arise out of, the claims" originally asserted by Eggelston.   (Doc. 21 at 1).  Ancillary jurisdiction may be properly asserted (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent," and (2) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  *Kokkonen*, 511 U.S. at 379–380.  The court's court's final directive in this case, however, was merely to compel the parties to arbitrate.  The parties went to arbitration, and that proceeding has now concluded.  Given that the parties have fully complied with their obligation to arbitrate as directed, it cannot be said that an order confirming or vacating the award is necessary to vindicate the court's authority.

It might also be assumed that the court would have ancillary jurisdiction to confirm or vacate the award if the court had expressly reserved such authority in its dismissal order.  *See Baltimore & Ohio Chicago Terminal R. Co.*, 154 F.3d at

14

407-08; *see also Hetherington & Berner, Inc. v. Melvin Pine & Co.*, 256 F.2d 103, 107 (2d Cir. 1958) (application to confirm award "was ancillary to and a continuation of" an earlier district court action in which a stipulation was entered that was found to have "clearly contemplated that judgment on the arbitrators' award would be entered in the federal court where they already were and were properly so by reason of diversity of citizenship"); *cf. Kokkonen*, 511 U.S. at 381-82 (federal court has ancillary jurisdiction to enforce a settlement agreement if the dismissal order specifically reserves such authority or incorporates the terms of the settlement).  Even so, the court's dismissal order here did not reserve such authority.  Again, the only condition the court attached to its dismissal was in allowing that Eggelston might return to reinstate claims not adjudicated in the arbitration, and the parties' cross-motions to vacate or confirm plainly do not invoke that authority.  That is, no one is now asking to reinstate claims previously dismissed for adjudication in this forum; indeed, all of Eggelston's claims in this action were resolved on the merits in the arbitration.  Since the action was dismissed and the court did not retain authority to confirm or vacate the award, the court does not have jurisdiction to address the parties' cross-motions within this closed case.  *See Thompson v. Kellogg Brown & Root (KBR) Halliburton*, 2010 WL 4023743, at *1 (E.D. Va. Oct. 13, 2010); *Switzer v. Credit Acceptance Corp.,*

2009 WL 2900254, at *1 (W.D. Va. Sept. 2, 2009); *see also Luong v. Circuit City Stores, Inc.*, 356 F.3d 1188, 1191 (9th Cir.) ("*Luong I*") ("The district court did not have jurisdiction over Luong's petition to vacate based upon the jurisdiction that it had over the previous, and previously terminated, action [asserting federal claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*]."), *opinion withdrawn*, 368 F.3d 1113 (9th Cir.), *substitute opinion*, 368 F.3d 1109 (9th Cir. 2004) ("*Luong II*"); *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) ("In order to challenge an arbitrator's decision under the FAA when there is no pending proceeding in the district court, the moving party must establish subject matter jurisdiction.").

## B.

Marshall Durbin's present motion also requests in the alternative that the court first "reinstate" this closed action and then vacate the arbitration award. And although Eggelston's motion does not expressly ask the court to reopen the case, it might be assumed that, by filing its motion to confirm in this dismissed case, Eggelston is implicitly also requesting that the court do so. Neither party has cited any procedural rule authorizing reinstatement of this action for additional proceedings. Nonetheless, courts are generally permitted to construe motions based on their substance even if they fail to invoke the appropriate rule. *See Mata*

*v. Lynch*, ___ U.S. ___, ___, 135 S. Ct. 2150, 2156, (2015); *Rice v. Ford Motor Co.*, 88 F.3d 914, 918 (11th Cir. 1996).  And in that vein, motions to modify or reopen a judgment are generally governed by FED. R. CIV. P.  59(e), and FED. R. CIV. P.  60(b), *see Damiano v. FDIC*, 104 F.3d 328, 332 n. 4 (11th Cir. 1997); *Searight v. Astrue*, 2011 WL 2174487, at *2 (M.D. Ala. June 2, 2011); *Henry v. Aramark Corp.*, 2009 WL 5208774, at *1 (S.D. Ala. Dec. 31, 2009), so the court will view any express or implied request to reinstate in light of those provisions.

First, Rule 59(e) authorizes a party to move to alter or amend a judgment within 28 days after its entry.  FED. R. CIV. P.  59(e).  That time limit, however, cannot be extended, FED. R. CIV. P.  6(b)(2), and is jurisdictional, *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 890 (11th Cir. 1990), so a district court cannot consider an untimely Rule 59(e) motion.  The court entered its judgment dismissing this action on June 21, 2012, but the parties did not file their instant cross-motions until more than two years later.  Thus, no relief can be granted under Rule 59(e).

Rule 60(b), in turn, authorizes a court, "on motion and just terms," to relieve a party ... from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could

17

not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  However, a motion under Rule 60(b) must be made within a "reasonable time," and for reasons (1), (2), and (3), no more than one year after the entry of the judgment, order, or proceeding.  Fed. R. Civ. P. 60(c)(1).  The one-year deadline is not subject to extension by the court.  Fed. R. Civ. P. 6(b)(2); *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 970 (11th Cir. 2015).  And because the parties' instant motions were filed more than two years after the judgment of dismissal, they are due to be denied as untimely to the extent they might seek relief under Rule 60(b)(1), (2), or (3).  It is also clear that any request to reopen the judgment for the sole purpose of confirming or vacating the arbitration award is unrelated to Rule 60(b)(4) or (5).

Rather, the only potentially applicable provision is the catchall of Rule 60(b)(6) that authorizes opening a judgment for "any other reason that justifies

18

relief."  However, the Eleventh Circuit has "carefully constrained this open-ended

language." *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355

(11th Cir. 2014).  In particular, that court has recognized:

> "Rule 60(b)(6) motions must demonstrate that the circumstances are
> sufficiently extraordinary to warrant relief," *Cano v. Baker*, 435 F.3d
> 1337, 1342 (11th Cir. 2006) (internal quotation marks omitted), that
> is, movants must show that "absent such relief, an 'extreme' and
> 'unexpected' hardship will result," *Griffin v. Swim–Tech Corp.*, 722
> F.2d 677, 680 (11th Cir. 1984) (quoting *United States v. Swift & Co.*,
> 286 U.S. 106, 119 (1932)). "Even then, whether to grant the requested
> relief is a matter for the district court's sound discretion."  *Cano*, 435
> F.3d at 1342 (alteration and internal quotation marks omitted).

*Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013).

Here, neither party has articulated a specific basis for why the court should

grant a request to reopen this case filed more than two years after the entry of

judgment of dismissal.  Each side manifestly desires that the court weigh in on the

validity of the arbitration award, by either confirming or vacating it.  But even if

the court declines to do so within this dismissed action, the parties are not

precluded from obtaining the judicial review or approval that they seek.  In

particular, FAA §§ 9 and 10 authorize a separate action in federal district court to

confirm or vacate, respectively, an arbitration award.  *See* 9 U.S.C. §§ 9, 10;

*Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000) (citing 9 U.S.C.

§§ 9-11); *see also Cortez Byrd Chips*, 529 U.S. at 197-98; *Hall Street Associates,*

*LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).  Parties also have similar remedies available under state law.  *See Raymond James Fin. Servs., Inc. v. Honea*, 55 So. 3d 1161, 1168-69 (Ala. 2010).  Because the parties will not suffer extreme or unexpected hardship if the court does not reopen this action, reinstatement is not warranted under Rule 60(b)(6).  Accordingly, Marshall Durbin's motion is due to be denied to the extent that it seeks reinstatement of  this action.

## C.

While the court lacks jurisdiction to act on the motions to vacate or confirm the arbitration award in this closed action and that such action is not due to be reopened, it has been recognized that a district court may proceed on a motion to confirm or vacate even if it lacks ancillary jurisdiction based on a prior action, provided that the court would have original subject-matter jurisdiction over the motion if it had been filed as a separate action.  *See Green*, 200 F.3d at 974; *see also Transtech Indus. v. A&Z Septic Clean*, 270 F. App'x 200, 208 n. 5 (3d Cir. 2008); *Hetherington & Berner*, 256 F.2d at 107.  The question, therefore, becomes whether the court has such original jurisdiction as it relates to the parties' pending motions.

The sections of the FAA authorizing actions to confirm, vacate, or modify an award, 9 U.S.C. §§ 9-11, are neither statutory grants of federal subject matter

jurisdiction nor does their interpretation itself establish federal question jurisdiction under 28 U.S.C. § 1331. *Baltin*, 128 F.3d at 1469; *Peebles v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 431 F.3d 1320, 1325 (11th Cir. 2005). Rather, a party moving for such relief must demonstrate an independent basis for federal jurisdiction. *Id.*; *see also Hall Street*, 552 U.S. at 581-82; *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). That is, it must be shown either (1) that the motion raises an issue of federal law so as to authorize federal question jurisdiction under § 1331 or (2) that the parties are of diverse citizenship and that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required for diversity jurisdiction under 28 U.S.C. § 1332. *See Baltin*, 128 F.3d at 1472; *see also Peebles*, 431 F.3d at 1325-26.

There is no suggestion by the parties that this court might possess diversity jurisdiction, and, in any case, the prospects for its existence appear dim.[3]  It still

---

[3]It is the burden of the party invoking federal subject-matter jurisdiction to plead allegations sufficient to support its existence. *See Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). It cannot be formally determined from the materials before it, including the pleadings and motions filed prior to dismissal, whether the requirements for diversity jurisdiction are, in fact, met. However, those materials tend to suggest that both parties are citizens of Alabama, which would defeat diversity jurisdiction regardless of the amount in controversy. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Specifically, Eggelston asserts in his complaint that he is "a citizen of the United States and a resident of the State of Alabama." (Doc. 1, ¶ 4). Technically, that allegation is insufficient from which to infer for purposes of § 1332 that he is a "citizen" of Alabama or any other particular State, *see Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n. 12 (11th Cir. 2011), because "citizenship" is based on a person's "domicile" as opposed to his current "residence," which may be transitory. *See Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x

might be argued, however, that this court has federal question jurisdiction over the parties' respective motions to vacate or confirm on the basis that the arbitrator's award is founded on Eggelston's claim that arises under federal law, *i.e.*, the FLSA. (*See* Doc. 21 at 1). Neither party cites any authority for that proposition. But the undesigned's own research reveals that the Eleventh Circuit has held that a claim that appeared effectively to ask for confirmation of an arbitration award arose under federal law, thus conferring jurisdiction under § 1331, on the basis of the federal nature of the claims underlying the award. *See Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccoukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1220, 1222-23 & n. 11 (11th Cir. 1999) (holding jurisdiction existed over the "first three counts" of the complaint because they arose under federal law, which included a count requesting "a judgment requiring the Tribe to comply with [a prior] arbitration award" based on underlying claims implicating the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-2721); *see also Community State Bank v. Strong*, 485 F.3d 597, 635 n. 17 (11th Cir.) ("*Strong I*") (Marcus, J.,

---

839, 841 n. 2 (11th Cir. 2013). Nonetheless, it would at least seem likely that Eggelston is an Alabama citizen. By contrast, nothing has been pled about Marshall Durbin's citizenship. As a corporation, it is a citizen of both the State in which it was incorporated and the State in which it has its principal place of business. 28 U.S.C. § 1331(c)(1). While the State in which Marshall Durbin was incorporated is unclear, the company's website states that its "Corporate Office" is in Birmingham, Alabama, *see* http://www.marshalldurbin.com (last visited December 11, 2015), which would almost certainly make it an Alabama citizen as well. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

specially concurring) (recognizing that *Tamiami* "appears to hold that the text of §

4 compels a district court to look to the underlying dispute *not only* to determine

the presence of federal question jurisdiction over a § 4 *petition* to compel

arbitration of that dispute, *but also* to determine the presence of federal question

jurisdiction over a § 9 *petition* to confirm an arbitration award" (emphasis in

original)), *opinion vacated and granting reh'g en banc*, 508 F.3d 576 (11th Cir.

2007), *vacating order granting reh'g en banc and remanding case to panel*, 565

F.3d 1305 (11th Cir. 2009), *substituted opinion*, 651 F.3d 1241 (11th Cir. 2011)

("*Strong II*").  The Eleventh Circuit has held similarly as it relates to petitions to

vacate an arbitration award under § 10.  *See Southern Communications Servs., Inc.

v. Thomas*, 720 F.3d 1352, 1357 n. 5 (11th Cir. 2013) (stating without analysis that

district court had both diversity and federal question jurisdiction over application

to vacate arbitration award based on claims invoking the Federal Communications

Act, 47 U.S.C. § 201(b)); *DIRECTV, LLC v. Arndt*, 546 F. App'x 836, 839 (11th

Cir. 2013) (relying on *Thomas* in holding that federal question jurisdiction existed

over petition to vacate because underlying claims arose under the FLSA); *see also

Turner v. MBNA Amer. Bank, N.A.*, 2006 WL 825991, at *1 (N.D. Ga. Mar. 29,

2006) (interpreting *Tamiami* as authorizing examination of the nature of the

underlying dispute when assessing whether federal question jurisdiction exists

23

over a petition to vacate an award under FAA § 10).

Admittedly, the two Eleventh Circuit cases that are potentially binding on the issue, *Tamiami* and *Thomas*,[4] are not entirely unambiguous and contain little to no analysis regarding why the federal nature of underlying claims should support federal question jurisdiction over petitions to confirm or vacate an award under FAA §§ 9 and 10. But even assuming for the sake of argument that those cases do not strictly govern here, the Supreme Court has also held that a district court has jurisdiction over an action under FAA § 4 seeking to *compel* arbitration if it is determined, upon "looking through" the request to compel, that the underlying controversy gives rise to claims arising under federal law. *Vaden*, 556 U.S. at 62-65; *see also Strong II*, 651 F.3d at 1253. To be sure, § 4 contains language

_____

[4]*DIRECTV* is not binding because that opinion is not published in the Federal Reporter. *See* 11th Cir. R. 36-2. Judge Marcus's footnote discussion in *Strong I* of *Tamiami*'s apparent holding as it relates to federal question jurisdiction over actions to confirm an award under FAA § 9 is also not binding. That is so because *Strong I* concerned only a motion to compel arbitration, not an application to confirm an award, so any discussion about jurisdiction over a petition to confirm under § 9 was dicta. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 762 (11th Cir. 2010). Also, Judge Marcus's statements about *Tamiami* as it relates to actions to confirm an award appeared only in a concurring opinion in *Strong I*. That special concurrence was unusual not only because Judge Marcus also authored the majority opinion in *Strong I*, joined by both of the other judges on the three-member panel, but also because one of those judges joined his special concurrence as well. Thus, Judge Marcus's concurrence actually represented the views of the majority of the judges on the panel. But even assuming that such a concurrence might otherwise be binding, it is not here because *Strong I* was vacated when the Eleventh Circuit agreed to rehear the case *en banc* and the relevant discussion was not reinstated in the substitute panel opinion. *See Ierna v. Arthur Murray Int'l, Inc.*, 833 F.2d 1472, 1475 n. 4 (11th Cir. 1987).

directly lending itself to such an interpretation, authorizing a party seeking to compel arbitration under an arbitration agreement to proceed in "any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties." 9 U.S.C. § 4; *see also Vaden*, 556 U.S. at 63-65. No similar language appears in FAA § 9 or § 10, so it is not a foregone conclusion that the "look through" approach sanctioned with regard to actions to compel extends to actions to confirm or vacate. *See Baltin,* 128 F.3d at 1472 n. 15; *Strong I*, 485 F.3d at 635 n. 17 (Marcus, J., specially concurring); *Francis v. Landstar Sys. Holdings, Inc.*, 2009 WL 4350250, at *4 n. 9 (M.D. Fla. Nov. 25, 2009); *Doscher v. Sea Port Group Securities, LLC*, 2015 WL 4643159, at *3-4 (S.D.N.Y. Aug. 5, 2015). It is also possible that Congress contemplated broader access to federal courts when it comes to compelling arbitration of a dispute arising under federal law than for confirming or vacating an award. However, it is not entirely clear that Congress actually intended that to be so, nor is it all apparent why it would have enacted such a scheme. *See Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1247 (D.C. Cir. 1999) ("We see little evidence supporting ... that Congress had a more 'central' interest in the enforcement of agreements to arbitrate than in the review of arbitration decisions"). Rather, one

may readily ask: "How can it be thought that Congress intended that a federal

court have jurisdiction to compel arbitration of a claim under federal securities law

but not jurisdiction over the other provision of the same statute that provides for

the vacating of an award of the same claim?" *Id.* Indeed, the Second Circuit has

gone so far as to say that it would be "truly be bizarre" if "a petition to compel

arbitration could be brought in federal court, but a petition to confirm or vacate the

arbitration award in the same dispute could not." *See Westmoreland Capital*

*Corp. v. Findlay*, 100 F.3d 263, 268 (2d Cir. 1996), *abrogated on other grounds*

*by Vaden, supra*. And in a similar vein, the Eleventh Circuit has concluded that

jurisdictional principles relative to actions to compel under § 4 may extend to

motions to confirm under § 9 and motions to vacate under § 10 in order to promote

a consistent and coherent program of enforcement of  arbitration agreements in

federal court. *See Baltin*, 128 F.3d at 1469-70 (recognizing just as applications to

stay or compel arbitration under §§ 3 and 4 require an independent basis of federal

jurisdiction so too do actions to vacate under § 10).  Accordingly, *Vaden*'s

interpretation of § 4 further supports, albeit indirectly, that a district court has

jurisdiction over a petition to vacate or confirm an arbitration award founded on a

federal claim. *See, e.g., Giusti v. Morgan Stanley Smith Barney, LLC*, 581 F.

App'x 34, 35 (2d Cir. 2014) (dicta); *Santos v. Gen. Elec. Co.*, 2011 WL 5563544,

at *7 (S.D.N.Y. Sept. 28, 2011) *report and recommendation adopted*, 2011 WL 5563536 (S.D.N.Y. Nov. 15, 2011); *see also TC Arrowpoint, L.P. v. Choate Construction Co.*, 2005 WL 2148934 * 2 n. 1 (W.D.N.C. Sept. 7, 2005).  Based on the aforementioned Eleventh Circuit precedents and the Supreme Court's decision in *Vaden*, the undersigned concludes that the court would possess original jurisdiction over the parties' respective cross-motions to vacate or confirm the arbitration award if they had been brought in a separate action under FAA §§ 9 and 10.

### D.

Given the existence of such original jurisdiction, it would generally be permissible, as noted previously, for this court simply to treat the parties' motions to vacate or confirm as if they had been filed in a separate action and resolve them. *See Green*, 200 F.3d at 974; *see also Transtech Indus.*, 270 F. App'x at 208 n. 5; *Heatherinton & Berner*, 256 F.2d at 107.  Presumably that is so on the theory that, while a distinction between an "old case" previously dismissed and the opening of a "new case" may implicate issues related to the court's internal procedures for assigning new cases between judges, the difference does not vitiate subject-matter jurisdiction of *the court itself* where it otherwise would exist.  *See Green*, 200 F.3d at 973-74 ("Although the proper procedure for initiating a proceeding under § 10

27

when there is no prior jurisdictional basis is to file a motion to vacate the award that sets forth the facts establishing jurisdiction, Green's pleading error did not bar the district court's exercise of subject matter jurisdiction." (footnote omitted)); *cf. Pierson*, 589 F. App'x at 500 (holding that district court erred in failing to treat plaintiff's proposed amended complaint filed in a case previously dismissed without prejudice as an initial pleading in a new case).

The situation here, however, is further complicated by the fact that this civil action is now assigned to a United States Magistrate Judge, rather than a United States District Judge.  At least one of the parties to this action has declined to consent to an exercise of plenary jurisdiction by a magistrate judge after they were given  an opportunity to decide whether to give new consent under § 636(c) as it relates to the disposition of their respective pending motions to vacate or confirm the award.  Accordingly, the court has prepared this Report and Recommendation.

## III.

Based on the foregoing, the undersigned **FINDS** as follows: (1) Marshall Durbin's pending motion (Doc. 21) is due to be **DENIED IN PART**, specifically to the extent that it asks the court to reinstate this closed civil action that was dismissed on June 21, 2012; (2) the Clerk should be **DIRECTED** to open a new case, assign it to the undersigned, and refile Marshall Durbin's pending motion

(Doc. 21) as an initial pleading in the new case, as an application to vacate an arbitration award pursuant to 9 U.S.C. § 9; (3) the filing fee in such new case should be deemed **WAIVED**; (4) the Clerk should be further **DIRECTED** to refile all of the materials subsequently filed in this action (Docs. 22 through 31, inclusive), in the new action; and (5) all such pleadings, motions, and other materials should be deemed filed in the new case as of the date they were originally filed in this action, so as to preclude any limitations period concerns.

## IV.

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.  Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

The Clerk is **DIRECTED** to serve a copy of this report and recommendation upon counsel.

**DONE**, this 23rd day of December, 2015.

_____

**JOHN E. OTT**
Chief United States Magistrate Judge